IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UBAITHULLAH MOHAMED                                    PETITIONER
ISTHIKAR

V.                                              Cause No. 5:26-cv-00279-DCB-BWR

RAFAEL VERGARA                                         RESPONDENT
*Warden of Adams County Correctional
Center*

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the 28 U.S.C. § 2241 Petition [1] filed

*pro se* by Ubaithullah Mohamed Isthikar, a former immigration detainee, and the

Motion to Dismiss for Mootness [10] filed by Respondent.

Petitioner is a native and citizen of Sri Lanka. Notice to Appear [1-1]. In his

Petition, received on April 3, 2026, Petitioner requested that the Court order his

immediate release. Pet. [1] at 7. In Respondent's Motion to Dismiss for mootness, filed

May 14, 2026, Respondent provides proof that Petitioner was removed from the

United on April 7, 2026. Warrant of Removal/Deportation [10-1] at 1-2.

"Under Article III of the Constitution, federal courts may adjudicate only

actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477

(1990). The Petition is moot because Petitioner has been released from immigration

detention and removed from the United States. *See Dep't of Homeland Sec. v.

Thuraissigiam*, 591 U.S. 103, 106 (2020) (describing habeas in the immigration

context as "traditionally . . . a means to secure *release* from unlawful detention" and

not "to obtain additional administrative review of his asylum claim and ultimately to

obtain authorization to stay in this country.") (emphasis in original). The Petition no longer presents a live case or controversy for purposes of satisfying Article III.

RECOMMENDATION

It is recommended that the Petition [1] be dismissed without prejudice as moot.

NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy of the objections. *Id.* The district judge will determine de novo any part of the Report and Recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the Report and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. § 636(b)(1).

**SIGNED,** this the 1st day of June 2026.

_s/ Bradley W. Rath_

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE